# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DURWYN TALLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 16-cv-3326-JBM |
| | ) |
| **MEDICAL DIRECTOR, BUTLER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action for deliberate indifference to his serious medical needs, and retaliation, at the Western Illinois Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff has filed 20 lawsuits and has accumulated four strikes. *Talley v Gongockey*, No. 13-1112 (C.D. Ill Nov. 18, 2013); *Talley v Reardon*, No. 14-2251 (C.D. Ill. Feb. 2, 2015); *Talley v Williams*, Case No. 14-3291 (C.D. Ill. July 14, 2015) and *Talley v Clerk of Court*, No. 15-5323 (N.D. Ill. June 19, 2015). Plaintiff has filed this latest complaint and a petition to proceed in forma pauperis, without prepayment of the filing fee [ECF 6]. Pursuant to 28

1

U.S.C.§1915(g), a plaintiff may not proceed in forma pauperis if he has accumulated three or more strikes unless "under imminent danger of serious physical injury."

Plaintiff alleges that he was transferred back to Western in November 2015 and had a prior history of a "bleb" in his right eye from a 2009 glaucoma surgery. Prior to the transfer, Plaintiff had been scheduled appointment to be seen by an eye specialist and appears to have missed that appointment. In January 2016, Plaintiff was seen by the Western eye doctor, whom he has named as a Doe Defendant. At that time, Plaintiff allegedly complained of eye pain, enlargement of the bleb, swelling and discoloration. Plaintiff claims that he was referred to see an outside eye specialist in February 2016. When the officers came to take Plaintiff to his eye appointment he refused to go as the officer reportedly would not tell him where they were taking him. Plaintiff was seen by an eye specialist the following month, March 2016. Plaintiff does not reveal whether the outside specialist offered any treatment or made any recommendations.

Plaintiff claims that at some unidentified point, the right eye got worse and he also began to lose vision in his left eye. He alleges that his eye was discolored and that this is evidence of an infection. He claims that the Doe Defendant failed to provide him antibiotics or pain medication. He also claims that Defendant prescribed him bifocals when he did not need them, did this to destroy the vision in Plaintiff's good eye and did this in retaliation for Plaintiff's filing complaints.

Plaintiff states a colorable claim, at this juncture, for deliberate indifference for the Doe Defendant's failure to prescribe antibiotics and pain medication for the alleged eye infection. Plaintiff's claim that Defendant retaliatorily prescribed bifocal glasses will not go forward. Plaintiff fails to explain how wearing bifocal lenses can destroy one's vision or that he was required to wear the offending bifocals. Additionally, a plaintiff may not "piggyback" claims not

involving imminent danger of physical injury with claims that do. *See Godwin v. Tidquist*, 2010 WL 4941616 (W.D.Wis. November 30, 2010).

Plaintiff also alleges that there was an undue delay in his referral to the eye specialist. This claim is dismissed as Plaintiff refused to go to the first scheduled appointment and a second appointment was scheduled the following month. This is not evidence of deliberate indifference as it does not support that Defendant disregarded an excessive risk to Plaintiff's health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Furthermore, a plaintiff may not refuse treatment and then claim deliberate indifference for the lack of treatment. *See Offutt v. Cahill-Masching*, No. 04-1231 at *5 (C.D.Ill. Dec. 12, 2007).

While the deliberate indifference claim against the Doe Defendant survives, Plaintiff may proceed *in forma pauperis* only if a sufficiently alleges imminent danger of serious physical harm. The requirement that the danger be "imminent" is meant as "an escape hatch for genuine emergencies…" *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002). It is to be asserted if "time is pressing" and "a threat ... is real and proximate." *Heimermann v Litxcher,* 337 F3d 781 (7th Cir. 2003). To be imminent, the harm must be occurring "at the time the complaint is filed." *Ciarpagini v. Saini,* 352 F3d 328, 330 (7th Cir. 2003). In addition to being imminent, the danger must also involve "serious physical injury." 28 U.S.C. § 1915(g). Courts are to deny a 3-strikes plaintiff leave to proceed *in forma pauperis* "when prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpagini* at 330.

Here Plaintiff fails to allege imminent danger where he has been referred to an outside specialist for treatment of his eye complaints and where he does not claim that the specialist's recommendations have not been followed. As he is receiving treatment, Plaintiff fails to successfully allege that he is in imminent danger of serious physical harm.

3

The claim that Warden Korte, Medical Director Butler and Shoemaker knew that Defendant was allegedly unfit but allowed him to treat inmates anyway, is too conclusory to allege personal participation by Defendants Korte, Butler and Shoemaker. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Defendants Korte, Butler and Shoemaker are DISMISSED. Plaintiff names Cindy Hobrock in the caption but does not mention her in the body of the complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). Ms. Hobrock is also DISMISSED.

Plaintiff's motion to proceed in forma pauperis [6] is DENIED as Plaintiff has failed to allege imminent threat of serious physical injury. Plaintiff will be given 14 days in which to pay the $400 filing fee should he wish to proceed with this claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiff states a claim of deliberate indifference against the Doe Defendant physician. His retaliation claim against the Doe Defendant is DISMISSED, as Plaintiff is a 3-striker and there is no evidence of imminent danger due to Plaintiff being prescribed bifocal glasses.

2) Plaintiff's claims against Defendants Korte, Butler and Shoemaker fail to allege their personal participation in the alleged violations and these Defendants are DISMISSED. Defendant Hobrock is DISMISSED as Plaintiff has failed to allege any allegations against her in the complaint.

3) Plaintiff's petition for in forma pauperis status [6] is DENIED. Plaintiff will be

given 14 days in which to pay the $400 filing fee. The failure to do so will result in the dismissal of this case.

    4)    Plaintiff's petition to stay these proceedings [11] is DENIED.


| 4/26/2017 | s/Joe Billy McDade |
|---|---|
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |